## NATIONAL LABOR RELATIONS BOARD v. INDUSTRIAL COMMISSION OF STATE OF UTAH et al.

### Civ. No. 1486.

United States District Court
D. Utah.

July 9, 1948.

A. M. Dreyer and Norton J. Come, Washington, D. C., for plaintiff.

Herbert F. Smart, Assistant Attorney General for State of Utah, for defendant.

JOHNSON, District Judge.

This matter came duly and regularly on to be heard this 9th day of July, 1948, on plaintiff's application for a temporary injunction.

### Findings of Fact

From the stipulations made and evidence adduced in open court, the Court finds:

1. Plaintiff is an agency of the United States created by the National Labor Relations Act, 29 U.S.C.A. § 141 et seq., hereinafter referred to as the Act.

2. Defendant Industrial Commission of Utah is an agency of the State of Utah. The individual defendants are members of said Commission.

3. Kaiser-Frazer Parts Corporation is a corporation engaged in the manufacture, sale, and shipment of pig iron at Ironton, Utah. It began the manufacture of pig iron on or about May 18, 1948. From that date to and including June 30, 1948, it manufactured and shipped a total of 11,994 tons of pig iron of a value of $587,706, of which all but 50 tons of a value $2,450 was shipped to points outside the State of Utah. During the same period it purchased raw materials of a value of $569,314 of which, raw materials of a value of $118,639 were shipped to it from points outside the state of Utah.

4. United Steel Workers of America, CIO, and Lodge 1066 of the International Association of Machinists are each labor organizations within the meaning of subdivision (5) of Section 2 of the Act.

5. United Steel Workers of America, CIO, has failed to comply with the requirements of subdivision (h) of Section 9 of the Act.

6. Lodge 1066 of the International Association of Machinists has filed a petition pursuant to the provisions of Section 9 of the Act for an election and certification of a collective bargaining representative of Kaiser-Frazer Parts Corporation.

7. Defendants have entertained an application of the United Steel Workers of America, CIO, to determine and certify

the collective bargaining representative of the employees of the Kaiser-Frazer Parts Corporation. Defendants have proceeded to conduct an election among, and to poll the employees of the Kaiser-Frazer Parts Corporation for the purpose of certifying as the collective bargaining representative of said employees whichever labor organization receives the higher number of votes of such employees. Defendants have published and made known the results of said election which they have conducted among said employees, and threaten to certify the winner thereof as collective bargaining representative of said employees unless enjoined by this Court from doing so.

8. On or about June 28, 1948, plaintiff notified defendants of the proceedings pending before it on the petition of Lodge 1066 of the International Association of Machinists, and further notified defendants that plaintiff had sole and exclusive jurisdiction over said matters and that defendants were without jurisdiction to proceed in the representation proceedings before them on petition of the United Steel Workers of America, CIO.

9. On or about June 29, 1948 defendants notified plaintiff that under the laws of the state of Utah, Title 49—1 Utah Code Annotated, as amended, they are authorized to ascertain, determine and certify the collective bargaining representative of the employees of Kaiser-Frazer Parts Corporation.

10. Unless a temporary injunction is issued as prayed in the complaint, defendants will certify the United Steel Workers of America, CIO, as the collective bargaining representative of the employees of Kaiser-Frazer Parts Corporation to the irreparable injury of plaintiff and the frustration of a declared policy of Congress.

### Conclusions of Law

The Court concludes as a matter of law:

I. That plaintiff is vested with exclusive jurisdiction of all questions concerning the representation of employees for collective bargaining purposes which affect commerce as defined by subdivisions (6) and (7), Section 2 of the Act.

II. The business of Kaiser-Frazer Parts Corporation affects commerce as defined by subdivisions (6) and (7) of Section 2 of the Act, and any question concerning the representation of such employees for collective bargaining purposes will affect commerce as so defined.

III. Defendants are without jurisdiction to ascertain, determine or certify the collective bargaining representative of the Kaiser-Frazer Parts Corporation, and their action in doing so invades and infringes the exclusive jurisdiction of plaintiff to determine such matters and is contrary to the provisions of the Act and Article I, Section 8 of the Constitution of the United States.

IV. A preliminary injunction should issue as prayed in the complaint.