## NATIONAL LABOR RELATIONS BOARD v. INDUSTRIAL COMMISSION OF UTAH et al.

### Civ. No. 1647.

United States District Court
D. Utah.
May 23, 1949.

Norton J. Come, Attorney National Labor Relations Board, Washington, D. C., for plaintiff.

Clinton D. Vernon, Attorney General, State of Utah, Salt Lake City, Utah, Mark K. Boyle, Asst. Atty. Gen., for defendants.

JOHNSON, District Judge.

This matter came duly and regularly on to be heard this 23rd day of May, 1949, on plaintiff's complaint for injunctive relief. Based on the complaint on file herein and upon the stipulation entered into by and between the parties thereto, and good cause appearing therefor,

It is hereby ordered, adjudged and decreed, that the defendants and each of them, their agents, servants and employees and all other persons in active concert or participation with them are hereby enjoined from invading the exclusive jurisdiction of the plaintiff, from certifying the results of the election which they have conducted among the employees of the Structural Steel and Forge Company, from certifying the United Steel Workers of America, CIO, or any other labor organization as collective bargaining representative of the employees of the Structural Steel and Forge Company, and from taking any further action with the view to determining the collective representative of said employees.

Stipulation

The parties hereto, after discussion of the problem herein involved, are desirous that it be settled by mutual consent. In order to minimize any future conflicts of this type, the parties have further concluded they will attempt to arrive at a procedure for adjusting such conflicts without resort to legal process.

Wherefore, it is hereby stipulated and agreed between plaintiff and defendants that:

1. The business of the Structural Steel and Forge Company affects commerce within the meaning of Sections 2, 6 and 7 of the National Labor Relations Act, 29 U.S.C.A. §§ 152, 156, 157, and any question concerning the representation of its employees for collective bargaining purposes will affect commerce as so defined.

2. The National Labor Relations Board, by virtue of the National Labor Relations Act, is vested with exclusive jurisdiction of all questions concerning the representation of employees for collective bargaining purposes which affect commerce within the meaning of Sections 2, 6 and 7 of the National Labor Relations Act, and the Industrial Commission of the State of Utah is without jurisdiction of such matters.

3. The decision of this court in N. L. R. B. v. Industrial Commission of the State of Utah, 84 F.Supp. 593, affirmed 10 Cir., 1949, 172 F.2d 389, is dispositive of the issues herein presented.

4. This court enter an injunction as prayed in the complaint filed in the above entitled matter.